IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

MICHAEL L. WINSTON,

                Plaintiff,

v.                                                OPINION & ORDER

PAMELA H., LORI YOKEY, JOHNSON (1),              16-cv-610-jdp
JOHNSON (2), and REGINGSER,

                Defendants.

---

Pro se plaintiff Michael L. Winston is a prisoner in the custody of the Wisconsin Department of Corrections (DOC), currently housed at the Columbia Correctional Institution (CCI). Winston has filed a complaint alleging that during his time at Lincoln Hills School for Boys, a DOC juvenile corrections facility, several staff members physically and sexually abused him. These events date back to 1995. The court determined that Winston qualifies for *in forma pauperis* status, and Winston paid the initial partial filing fee set by the court. Dkt. 6.

The next step is for the court to screen the complaint and dismiss any portion that is legally frivolous, malicious, fails to state a claim upon which relief can be granted, or asks for money damages from a defendant who by law cannot be sued for money damages. 28 U.S.C. §§ 1915, 1915A. When screening a pro se litigant's complaint, the court construes the allegations liberally and in the plaintiff's favor. *McGowan v. Hulick*, 612 F.3d 636, 640 (7th Cir. 2010). Because Winston's claims are untimely, I will order him to show cause as to why I should not dismiss his case.

ALLEGATIONS OF FACT

Winston's allegations concern events that occurred during his confinement at the Lincoln Hills School for Boys years ago; Winston's claims date back to 1995. Winston alleges that during his time at Lincoln Hills, defendants Johnson (1), Johnson (2), and Regingser, three male guards at the facility, physically abused him. They beat him, kicked him, and sprayed him with riot gas. On one occasion, they strapped Winston to his bed, turned his radio on full volume, and left him there for hours. They tampered with his food. Winston also alleges that defendants Pamela H. and Lori Yokey, female staff members, sexually abused him between 1995 and 1997.

Winston states that he is mentally ill and that since his time at Lincoln Hills, his "life has been in complete disarray." Dkt. 1, at 4. Winston sustained severe psychological damage as a result of his time at Lincoln Hills, and the abuse exacerbated his mental illness. Winston states that "[t]he recent news regarding the current abuses being investigated at LHS has caused flashbacks and with Winston demonstrating extreme hostilities at guards here at CCI." *Id.*

ANALYSIS

Winston alleges that defendants physically and sexually abused him for years, in violation of the Eighth and Fourteenth Amendments. But even if Winston has adequately pleaded constitutional violations, he has a timing problem: the alleged abuse occurred about 20 years ago.

"A district court must dismiss a suit at screening if it is frivolous, *see* 28 U.S.C. § 1915(e)(2), and in doing so may rely on an affirmative defense that is apparent and

2

unmistakable from the complaint's face." *Briggs-Muhammad v. SSM Healthcare Corp.*, 567 F. App'x 464 (7th Cir. 2014) (citing *Gleash v. Yuswak*, 308 F.3d 758, 760-61 (7th Cir. 2002)). Here, it is readily apparent from Winston's complaint that the alleged offenses occurred between 1995 and 1997, which immediately prompts me to consider the applicable statute of limitations.

42 U.S.C. § 1983 does not have a limitations period. Instead, "to determine the proper statute of limitations for § 1983 actions, a federal court must adopt the forum state's statute of limitations for personal injury claims." *Ashafa v. City of Chicago*, 146 F.3d 459, 461 (7th Cir. 1998) (citing *Wilson v. Garcia*, 471 U.S. 261, 276 (1985)). Accordingly, I apply Wisconsin's six-year statute of limitations for personal rights claims. Wis. Stat. § 893.53; *see also Gray v. Lacke*, 885 F.2d 399, 409 (7th Cir. 1989). Winston filed his complaint on September 6, 2016; for his claims to be timely, they must have accrued—in other words, the statute of limitations must have started running—no earlier than September 6, 2010.

Although Wisconsin's limitation period applies, federal law governs when Winston's claims accrued. *Kelly v. City of Chicago*, 4 F.3d 509, 511 (7th Cir. 1993) (citing *Wilson v. Giesen*, 956 F.2d 738, 740 (7th Cir. 1992)). A § 1983 claim accrues "when the plaintiff has 'a complete and present cause of action,' that is, when 'the plaintiff can file suit and obtain relief[.]'" *Wallace v. Kato*, 549 U.S. 384, 388 (2007) (quoting *Bay Area Laundry and Dry Cleaning Pension Tr. Fund v. Ferbar Corp. of Cal.*, 522 U.S. 192, 201 (1997)). Here, Winston's claims for physical and sexual abuse appear to have accrued immediately after the assaults occurred, approximately 20 years ago. As a result, his claims appear to be time barred. And the fact that Winston was a minor when defendants abused him does not extend the time to bring an action nearly long enough to allow Winston to bring his claims now. *See* Wis. Stat.

3

§ 893.16 ("If a person entitled to bring an action is, at the time the cause of action accrues, either under the age of 18 years . . . the action may be commenced within 2 years after [the person reaches 18.]"). Winston alleges that he is now 33 years old, so his claims became untimely approximately 13 years ago, when he turned 20.

To save his claims, Winston will need to explain how his complaint is timely. It appears that Winston's only option is to make a case for equitable tolling. "Equitable tolling permits a plaintiff to avoid the bar of the statute of limitations if despite the exercise of all due diligence he is unable to obtain vital information bearing on the existence of his claim." *Shropshear v. Corp. Counsel of City of Chi.*, 275 F.3d 593, 595 (7th Cir. 2001). In the context of § 1983 claims, "the state, rather than the federal, doctrine of equitable tolling governs[.]" *Id.* at 596. Although Wisconsin case law on equitable tolling is very sparse, it is clear that, as in *Shropshear*, tolling is available only when the plaintiff's failure to meet a filing deadline is out of the plaintiff's control or occurred despite the plaintiff's due diligence. *See, e.g.*, *State ex rel. Griffin v. Smith*, 2004 WI 36, ¶ 38, 270 Wis. 2d 235, 677 N.W.2d 259 ("[p]rovided that the petitioners timely pursue relief," time limit for filing writ of certiorari is equitably tolled where counsel promises to file writ but fails to do so); *State ex rel. Nichols v. Litscher*, 2001 WI 119, 247 Wis. 2d 1013, 635 N.W.2d 292 (30-day deadline for petition for review tolled on date pro se prisoner delivers correctly addressed petition to proper prison authorities for mailing). *See also Coleman v. Messman*, No. 13-cv-566, 2014 WL 4678264, at *3 (W.D. Wis. Sept. 18, 2014). I will allow Winston the opportunity to demonstrate why I should allow his claims to proceed.

4

ORDER

IT IS ORDERED that:

1. Plaintiff Michael L. Winston may have until November 17, 2016, to show cause as to why the court should not dismiss this case as time barred.

2. If plaintiff does not timely respond to this order, the court will dismiss this case with prejudice as time barred.

Entered October 27, 2016.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge