IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

MICHAEL L. WINSTON,

                Plaintiff,

v.                                                          ORDER

PAMELA H., LORI YOKEY, JOHNSON (1),            16-cv-610-jdp
JOHNSON (2), and REGINGSER,

                Defendants.

---

    Pro se plaintiff Michael L. Winston is a prisoner in the custody of the Wisconsin Department of Corrections (DOC), currently housed at the Columbia Correctional Institution. Winston filed a complaint alleging that during his time at the Lincoln Hills School for Boys, a DOC juvenile corrections facility, several staff members physically and sexually abused him. The alleged events date back to 1995. I screened Winston's complaint and determined that his claims were most likely time barred. Dkt. 9. I ordered Winston to show cause as to why I should not dismiss his case.

    Now Winston has responded to the order to show cause. Dkt. 10. Winston does not argue that he is entitled to equitable tolling; in fact, he provides *no* explanation for why he waited so long to bring his claims. Rather, Winston contends that he has until he is 35 years old to bring his claims and that, as a result, they are timely. Winston relies on Wis. Stat. § 893.587, which provides, "An action to recover damages for injury caused by an act that would constitute a violation of s. 948.02, 948.025, 948.06, 948.085, or 948.095 or would create a cause of action under s. 895.442 shall be commenced before the injured party reaches the age of 35 years or be barred." Wis. Stat. § 893.587 applies to state-law tort claims seeking damages for sexual assault of a child.

But Winston has not brought state-law tort claims; he alleges violations of his constitutional rights pursuant to 42 U.S.C. § 1983. As I explained in the order to show cause, § 1983 claims are subject to a six-year statute of limitations. The Supreme Court has directed federal courts to apply a state's personal injury statute of limitations to all § 1983 claims. *See Gray v. Lacke*, 885 F.2d 399, 407 (7th Cir. 1989) (citing *Wilson v. Garcia*, 471 U.S. 261, 272 (1985)). "[T]he one most appropriate statute of limitations [applies] for all § 1983 claims." *Wilson*, 471 U.S. at 275. That statute of limitations is six years in Wisconsin. Wis. Stat. § 893.587 does not apply to § 1983 claims. Winston has not demonstrated that his claims are timely, and he has not demonstrated that he is entitled to equitable tolling. As a result, I will dismiss his § 1983 claims as time barred.

That said, Wis. Stat. § 893.587 appears to allow Winston to bring tort claims in state court, provided he files suit within the next year (Winston states that he recently turned 34).

ORDER

IT IS ORDERED that:

1. Plaintiff Michael L. Winston's claims are DISMISSED with prejudice as time barred.

2. The clerk of court is directed to enter judgment and close the case.

Entered November 4, 2016.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge