IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

MICHAEL L. WINSTON,

                              Plaintiff,

      v.                                                                        ORDER

PAMELA H., LORI YOKEY, JOHNSON (1),                16-cv-610-jdp
JOHNSON (2), and REGINGSER,

                              Defendants.

---

     Pro se plaintiff Michael L. Winston is a prisoner in the custody of the Wisconsin Department of Corrections (DOC), currently housed at the Columbia Correctional Institution. Winston filed a complaint alleging that during his time at the Lincoln Hills School for Boys, a DOC juvenile corrections facility, several staff members physically and sexually abused him. The alleged events date back to 1995. I screened Winston's complaint and determined that his claims were most likely time barred. Dkt. 9. I ordered Winston to show cause as to why I should not dismiss his case.

     On November 2, 2016, Winston responded to the order to show cause. Dkt. 10. In this submission, Winston did not argue that he is entitled to equitable tolling; rather, he argued that Wis. Stat. § 893.587 applied to his claims and rendered them timely. Based on those submissions, I dismissed Winston's claims as time barred, entered judgment, and closed this case. Dkt. 11 and Dkt. 12.

     Now Winston has moved for reconsideration. Dkt. 13. He states that he intended to file a brief in support of equitable tolling on October 28, 2016, but for reasons having to do with the weight of his submissions and his legal loan funds, the prison did not mail the

submissions until after I issued my order dismissing Winston's claims. I have recently received Winston's equitable tolling submissions, and I will consider them now.

Winston contends that he is entitled to equitable tolling because he has been mentally ill since before he turned 18. Winston states that he has suffered and continues to suffer from paranoid delusions, manic depression, and schizophrenia. He states that he had been "mentally unstable" until the last 18 months: "[t]he mental illness in which render him incapable of pursing his claims has only now cease to exist within in the pass 18 months or so." Dkt. 15, at 2. Winston states that he had repressed his memories of the alleged abuse that occurred at Lincoln Hills and that he could not remember the names of his abusers until recently. In support of his arguments, Winston has submitted a forensic evaluation that indicated that, in one psychologist's opinion, Winston "lack[ed] substantial capacity for a rational understanding of the proceedings and lack[ed] substantial present ability to assist his attorney in the preparation of his defense." Dkt. 15-1, at 11. The evaluation occurred prior to an early 2014 sentencing hearing. But the report also noted that "Mr. Winston has not demonstrated symptoms consistent with a mental illness diagnosis at all times." *Id.* at 10.

As I explained in my previous order, "[e]quitable tolling permits a plaintiff to avoid the bar of the statute of limitations if despite the exercise of all due diligence he is unable to obtain vital information bearing on the existence of his claim." Dkt. 9, at 4 (quoting *Shropshear v. Corp. Counsel of City of Chi.*, 275 F.3d 593, 595 (7th Cir. 2001)). Equitable tolling is available only when the plaintiff's failure to meet a filing deadline is out of the plaintiff's control or occurred despite the plaintiff's due diligence. *Id.*

Incompetence or mental illness can, in some situations, warrant equitable tolling. *See Davis v. Humphreys*, 747 F.3d 497, 499 (7th Cir. 2014). But "mental illness tolls a statute of

limitations only if the illness *in fact* prevents the sufferer from managing his affairs and thus from understanding his legal rights and acting upon them." *Obriecht v. Foster*, 727 F.3d 744, 750-51 (7th Cir. 2013) (quoting *Miller v. Runyon*, 77 F.3d 189, 191 (7th Cir. 1996)). Here, Winston states that he has been mentally ill for years and that his illness so incapacitated him that he was unable to pursue his claims. But Winston does not explain how his illness actually prevented him from bringing his claims, or so continuously and severely affected him that he was unable to make any effort to pursue his claims. I will not opine on the state of Winston's mental health. But assuming the truth of Winston's allegations—namely, that he has been mentally ill for a long time and that his illness was, at least at times, severe—he has not articulated specifically why or how he could not bring claims for abuse over the last two decades. Winston states that he suffered from delusions and depression, but these symptoms do not explain why he never had the opportunity to bring his claims. He does not say what exactly happened in the last 18 months that allowed him to bring his claims when *nothing* prior to that provided such a window. And Winston's conclusory statement that he did not remember what had happened to him until quite recently is not enough to trigger equitable tolling.

Although Winston has not demonstrated that he is entitled to equitable tolling here, I will remind Winston that Wis. Stat. § 893.587 appears to allow him to bring tort claims in state court, provided he files suit within the next year (Winston states that he recently turned 34).

3

ORDER

IT IS ORDERED that plaintiff Michael L. Winston's motion for reconsideration, Dkt. 13, is DENIED.

Entered November 17, 2016.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge